CV 07 1689

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
KENNETH SCHNEIDERMAN,                          CIVIL ACTION NO.:

                              Plaintiff,          <u>COMPLAINT</u>

      - against -
                                                           FILED
DOMINICK SARTORIO, ELIZABETH SARTORIO,         IN CLERK'S OFFICE
71 CAROLYN BLVD. LLC, and BURLINGTON           U.S. DISTRICT COURT E.D.N.Y.
BIO-MEDICAL CORP.,
                                                ★   APR 2 4 2007  ★

                            Defendants.
------------------------------------------X                 LONG ISLAND OFFICE
S I R S :                                                   WEXLER, J.

      Plaintiff, by his attorneys, Wolfe & Yukelson PLLC, complaining of defendants, respectfully alleges upon information and belief as follows:

<center><u>THE PARTIES</u></center>                           WALL, M.J.

      1.  At all times hereinafter mentioned, plaintiff, KENNETH SCHNEIDERMAN, was a resident of the State of Florida.

      2.  At all times hereinafter mentioned, defendant DOMINICK SARTORIO was a resident of the County of Suffolk, State of New York.

      3.  At all times hereinafter mentioned, defendant ELIZABETH SARTORIO was a resident of the County of Suffolk, State of New York.

      4.  At all times hereinafter mentioned, defendant 71 CAROLYN BLVD. LLC (hereinafter "CAROLYN") was a limited liability company having its principal office in the County of Suffolk, State of New York.

      5.  At all times hereinafter mentioned, defendant BURLINGTON BIO-MEDICAL CORP. (hereinafter "BURLINGTON") was a New

Jersey corporation having its principal place of business in the County of Suffolk, State of New York.

6. That at all times hereinafter mentioned, defendant DOMINICK SARTORIO was a member of defendant CAROLYN.

7. That at all times hereinafter mentioned, defendant DOMINICK SARTORIO was a managing member of defendant CAROLYN.

8. That at all times hereinafter mentioned, defendant DOMINICK SARTORIO was an officer of BURLINGTON.

9. That at all times hereinafter mentioned, defendant DOMINICK SARTORIO was a director of BURLINGTON.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332 in that such jurisdiction is founded upon the diversity of citizenship between the parties to this action and the matter in controversy exceeds, exclusive of interest and costs, the sum of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

11. Venue is proper pursuant to §1391(a).

### COUNT 1 AS TO DEFENDANTS DOMINICK SARTORIO and CAROLYN

12. This is an action brought by plaintiff as a creditor of defendant CAROLYN to enforce liability of DOMINICK SARTORIO, as member and manager of such limited liability company, for the benefit of plaintiff and other creditors of said limited liability company.

13. That on or about September 16, 2005, plaintiff was a creditor of defendant CAROLYN.

14. That on or about September 16, 2005, defendant CAROLYN sold certain assets of the company for the sum of 2.5 million dollars.

15. That on or after September 16, 2005, the defendant CAROLYN distributed assets of defendant CAROLYN to defendant DOMINICK SARTORIO or his designees, without paying or adequately providing for all known liabilities of defendant CAROLYN, including the plaintiff herein.

16. That the payment of the aforesaid distributions made the defendant CAROLYN insolvent.

17. That plaintiff is a general creditor of the defendants CAROLYN and BURLINGTON in the amount of $375,996.60, no part of which has been paid or collected, by virtue of a judgment obtained in the United States District Court, Eastern District of New York, on the 5th day of April, 2007.

18. That the individual defendant DOMINICK SARTORIO owns the majority of the membership interests of defendant CAROLYN, and it would obviously be futile to demand that he sanction the institution of an action by such limited liability company against himself; and defendant CAROLYN is made a party defendant to this action to the benefit of its creditors, as well as by the indebtedness to plaintiff hereinbefore set forth.

## COUNT 2 AS TO DEFENDANTS
## DOMINICK SARTORIO AND CAROLYN

19. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "2" and "4" through "18" as if more fully set forth herein at length.

20. Defendant DOMINICK SARTORIO became a member and agent of an illegal and fraudulent conspiracy, the purpose of which was to divert to himself and to persons with whom he was or is are associated, the assets of defendant CAROLYN, and wrongfully, illegally and fraudulently to use the said assets of the company for his own selfish, personal interests, advantage and profit, and/or for the personal interest, advantage and profit of persons and associates in whom he was or is interested, to the financial loss and contrary to the interests of the plaintiff and the other creditors of the company. In furtherance of said conspiracy and to subserve his said fraudulent, illegal and wrongful purposes, the defendant herein performed and committed certain acts, and the different acts and things done by the defendant as hereinbefore alleged, were each and all steps in said conspiracy, scheme and design, and the defendant participated in each and all of said acts which were done in pursuance of said conspiracy as hereinafter alleged.

21. That the defendant DOMINICK SARTORIO, who received the aforesaid distributions of having been unjustly enriched and having had and received for his own use and benefits monies belonging to defendant CAROLYN to which he was not entitled, is obligated to account to CAROLYN therefore and to return and pay

4

back such monies to the company.

### COUNT 3 AS TO DEFENDANT
### DOMINICK SARTORIO

22.  Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1", "2", "4" through "18", "20" and "21" as if more fully set forth herein at length.

23.  That no part of the aforesaid judgment against CAROLYN has been satisfied by plaintiff.

24.  Defendant CAROLYN is presently out of business.

25.  The value of defendant CAROLYN'S present assets is less than $20,000.00.

26.  Defendant CAROLYN is a defunct entity which cannot pay its debts.

27.  Defendant CAROLYN has been stripped of its assets, in that the majority of the assets of defendant CAROLYN either have been appropriated for the personal use of defendant DOMINICK SARTORIO, have been used by defendant DOMINICK SARTORIO to create a new business, or to pay debts owed by companies controlled by said defendant.

28.  Defendant DOMINICK SARTORIO drained substantial income and sales proceeds out of defendant CAROLYN in disregard of its limited liability company's existence.

29.  Defendant CAROLYN failed to adhere to the formalities of a limited liability company's existence in that it failed to keep adequate records relating to governance of its formal affairs and accounting of its finances, and in that it

failed to retain, before distribution to defendant DOMINICK SARTORIO, earnings from its operations in an amount sufficient to meet its financial obligations.

30. Defendant DOMINICK SARTORIO, as member and/or managing member of defendant CAROLYN, completely dominated the aforesaid company in that he managed and controlled defendant CAROLYN.

31. Defendant DOMINICK SARTORIO conducted the business of defendant CAROLYN in disregard of its limited liability company existence in a manner that suited defendant DOMINICK SARTORIO's own personal convenience.

32. By virtue of the foregoing, defendant DOMINICK SARTORIO primarily transacted the business of defendant CAROLYN rather than its own business and acted as the alter ego of defendant CAROLYN.

33. In view of defendant DOMINICK SARTORIO's disregard of the formalities of defendant CAROLYN's existence, an adherence to the fiction of such separate existence of defendant CAROLYN would result in injustice to the plaintiff.

34. By reason of the foregoing, defendant DOMINICK SARTORIO is personally responsible for defendant CAROLYN's aforesaid indebtedness to plaintiff and is, therefore, personally liable to plaintiff in the amount of the aforesaid judgment against defendant CAROLYN, to wit, $375,996.60, together with interest from the date of judgment.

## COUNT 4 AS TO DEFENDANTS
## DOMINICK SARTORIO AND BURLINGTON

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1", "2", "4" through "18", "20", "21" and "23" through "34" as if more fully set forth herein at length.

36. This is an action brought by plaintiff as a creditor of defendant BURLINGTON to enforce liability of the individual defendant DOMINICK SARTORIO, as director of such corporation, for the benefit of plaintiff and other creditors of the corporation, pursuant to §719 of the New York Business Corporation Law.

37. That on or about April 14, 2004, plaintiff was a creditor of defendant BURLINGTON.

38. That on or about April 14, 2004, and thereafter, defendant BURLINGTON transferred certain assets of the corporation to Troy Corporation.

39. That defendant BURLINGTON received no consideration for said transfer.

40. That Troy Corp paid to Micropel Corporation valuable consideration for the assets of BURLINGTON.

41. That the transfer of the aforesaid assets were made while the defendant BURLINGTON was insolvent.

42. That the individual defendant DOMINICK SARTORIO was the chairman of the board of directors of defendant BURLINGTON, and it would obviously be futile to demand that they sanction the institution of an action by such corporation against himself; and

7

defendant BURLINGTON is made a party defendant to this action to the benefit of its creditors, as well as by the indebtedness to plaintiff hereinbefore set forth.

### COUNT 5 AS TO DEFENDANTS
### DOMINICK SARTORIO AND BURLINGTON

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1", "2", "4" through "11", and "36" through "42" as if more fully set forth herein at length.

44. Defendants DOMINICK SARTORIO became a member and agent of an illegal and fraudulent conspiracy, the purpose of which was to divert to himself and to persons with whom he was or is associated, the assets of defendant BURLINGTON, and wrongfully, illegally and fraudulently to use the said assets of the company for his own selfish, personal interests, advantage and profit, and/or for the personal interest, advantage and profit of persons and associates in whom he was or is interested, to the financial loss and contrary to the interests of the plaintiff and the other creditors of the company. In furtherance of said conspiracy and to subserve his said fraudulent, illegal and wrongful purposes, the defendant DOMINICK SARTORIO herein performed and committed certain acts, and the different acts and things done by the defendant DOMINICK SARTORIO as hereinbefore alleged were each and all steps in said conspiracy, scheme and design, in which defendant DOMINICK SARTORIO participated, and each and all of said acts were done in pursuance of said conspiracy as hereinafter alleged.

45. That the defendant DOMINICK SARTORIO, who received the benefit of the aforesaid distributions, having been unjustly enriched and having had and received for his own use and benefits monies belonging to defendant BURLINGTON to which he was not entitled, is obligated to account to BURLINGTON Corporation therefore and to return and pay back such monies to the company.

### COUNT 6 AS TO DEFENDANT DOMINICK SARTORIO

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1", "2", "4" through "11", "36" through "42", and "44", "45", as if more fully set forth herein at length.

47. That no part of the aforesaid judgment against BURLINGTON has been satisfied by plaintiff.

48. Defendant BURLINGTON is presently out of business.

49. The value of defendant BURLINGTON'S present assets is less than $10,000.00.

50. Defendant BURLINGTON is a defunct entity which cannot pay its debts.

51. Defendant BURLINGTON has been stripped of its assets, in that the of the remaining assets of defendant BURLINGTON have been effectively appropriated for the personal benefit of defendant DOMINICK SARTORIO.

52. That between September 1, 2002, and April 14, 2004, Defendant DOMINICK SARTORIO drained substantial monies out of defendant BURLINGTON in disregard of the corporate existence of

defendant BURLINGTON.

53. Defendant BURLINGTON failed to adhere to the formalities of corporate existence in that it failed to keep adequate records relating to governance of its corporate affairs and accounting of its finances, and in that it failed to obtain revenues from its transfer of assets.

54. Defendant DOMINICK SARTORIO, as director and officer of defendant BURLINGTON, completely dominated the corporation in that he managed and controlled defendant BURLINGTON.

55. Defendant DOMINICK SARTORIO conducted the business of defendant BURLINGTON in disregard of its corporate formalities in a manner that suited defendant DOMINICK SARTORIO's own personal convenience.

56. By virtue of the foregoing, defendant DOMINICK SARTORIO primarily transacted the business of defendant BURLINGTON rather than its own business and acted as the alter ego of defendant BURLINGTON.

57. In view of defendant DOMINICK SARTORIO's disregard of the formalities of defendant BURLINGTON's corporate existence, an adherence to the fiction of such separate corporate existence of defendant BURLINGTON would result in injustice to the plaintiff.

58. By reason of the foregoing, defendant DOMINICK SARTORIO is personally responsible for defendant BURLINGTON's aforesaid indebtedness to plaintiff and is, therefore, personally liable to plaintiff in the amount of the aforesaid judgment against defendant BURLINGTON, to wit, $375,996.60, together with interest

from the date of judgment.

## COUNT 7 AS TO DEFENDANTS
## DOMINICK SARTORIO and ELIZABETH SARTORIO

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1", "2", "4" through "18", "20", "21", "23" through "34", "36" through "42", "44", "45", and "47" through "58" as if more fully set forth herein at length.

60. That on October 21, 2004, the defendant DOMINICK SARTORIO and defendant ELIZABETH SARTORIO, his wife, became the owners of certain real property known as and by 26 Legend Circle, Melville, NY 11747, in the County of Suffolk, State of New York, more particularly described in Exhibit "A" attached hereto.

61. That on September 26, 2006, plaintiff was a creditor of defendant DOMINICK SARTORIO.

62. That on September 26, 2006, defendants DOMINICK SARTORIO and ELIZABETH SARTORIO transferred the aforesaid real property to defendant ELIZABETH SARTORIO without consideration.

63. That said transfer, as well as other transfers of assets, was made with the actual intent to hinder, delay or defraud the plaintiff in the enforcement of plaintiff's claim against defendant DOMINICK SARTORIO by stripping himself of said property and assets so as to be unable to pay his obligations to the plaintiff.

64. The defendant ELIZABETH SARTORIO participated in the aforesaid transfer with full knowledge of defendant DOMINICK SARTORIO's objective and plan to deprive the plaintiff and other

creditors and furtherance of defendant DOMINICK SARTORIO's plan and purpose, all to the damage and prejudice of the plaintiff.

65. By reason of the foregoing the described transfer by defendants DOMINICK SARTORIO and ELIZABETH SARTORIO was made to defraud the plaintiff of his rights and remedies.

66. That the plaintiff has no adequate remedy at law.

### COUNT 8 AS TO DEFENDANTS
### DOMINICK SARTORIO and ELIZABETH SARTORIO

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1", "2", "4" through "11", "36" through "42", "44", "45", "47" through "58", and "60" through "65" as if more fully set forth herein at length.

68. That by reason of the foregoing, plaintiff was damaged in the sum of $375,996.60 plus interest from April 5, 2007.

### COUNT 9 AS TO DEFENDANTS
### DOMINICK SARTORIO and ELIZABETH SARTORIO

69. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1", "2", "4" through "11", "36" through "42", "44", "45", "47" through "58", "60" through "65", and "68" as if more fully set forth herein at length.

70. That by reason of the foregoing, plaintiff is entitled to a reasonable attorneys fees.

WHEREFORE, plaintiff demands judgment as follows:
(a) On Counts 1 and 2, Judgment against defendants DOMINICK

SARTORIO in the amount of the excessive distributions which caused defendant CAROLYN to become insolvent, or such other amount as the Court shall determine, in favor of defendant CAROLYN, with costs, for the benefit of plaintiff and other creditors for defendant CAROLYN, and that defendant CAROLYN be ordered and directed to collect and enforce such judgment and distribute the proceeds and avails thereof to plaintiff and such other of its creditors as may legally establish claims against defendant CAROLYN;

(b) On Count 3, judgment against defendant DOMINICK SARTORIO in the sum of $375,966.60 plus interest from April 5, 2007;

(c) On Counts 4 and 5, Judgment against defendants DOMINICK SARTORIO in the amount of the excessive distributions which caused defendant BURLINGTON to become insolvent, or such other amount as the Court shall determine, in favor of defendant BURLINGTON, with costs, for the benefit of plaintiff and other creditors for defendant BURLINGTON, and that defendant BURLINGTON be ordered and directed to collect and enforce such judgment and distribute the proceeds and avails thereof to plaintiff and such other of its creditors as may legally establish claims against defendant CAROLYN;

(d) On Count 6, judgment against defendant DOMINICK SARTORIO in the sum of $375,966.60 plus interest from April 5, 2007;

(e) On Count 7, annulling, setting aside and vacating the transfer of real property made on September 26, 2006, by defendants DOMINICK SARTORIO and ELIZABETH SARTORIO to defendant

ELIZABETH SARTORIO of the real property described herein, and that the Court order that the property be placed in the names of defendants DOMINICK SARTORIO and ELIZABETH SARTORIO as tenants in common;

(f) On Count 8, a judgment against defendants DOMINICK SARTORIO and ELIZABETH SARTORIO in the sum of $375,966.60 plus interest from April 5, 2007;

(g) On Count 9, reasonable attorneys fees to be determined by the Court, and

(h) such other and further relief as the Court may deem just and proper, together with interest, costs and disbursements.

Dated: Port Washington, New York
April 16, 2007

Yours, etc.

WOLFE & YUKELSON PLLC

By: ______________________
Bruce Yukelson BY-8986
Attorneys for Plaintiff
KENNETH SCHNEIDERMAN
14 Vanderventer Avenue
Suite 101
Port Washington, NY 11050
(516) 767-7100

TO:
DOMINICK SARTORIO
26 Legend Circle
Melville, New York 11747

ELIZABETH SARTORIO
26 Legend Circle
Melville, New York 11747

71 CAROLYN BLVD. LLC
26 Legend Circle
Melville, New York   11747

BURLINGTON BIO-MEDICAL CORP.
26 Legend Circle
Melville, New York   11747

# EXHIBIT A

## NORTH SHORE ABSTRACT, LTD.
### as agent for:
## LAWYERS TITLE INSURANCE CORPORATION

Title No.  NP36617S

### SCHEDULE A

All that certain plot, piece or parcel of land with the buildings and improvements thereon erected, situate, lying and being at in the Town of Huntington County of Suffolk and State of New York, known and designated as Lot 12 as shown on a certain map entitled, "Map of Beechwood at Half Hollow Hills" and filed in the Office of the Clerk of the County of Suffolk December 6, 2001 as Map Number 10719, more particularly bounded and described as follows:

BEGINNING at a point on the Southerly side of Legends Circle, where lots 11 and 12 on the above map intersects the Southerly side of Legends Circle;

RUNNING THENCE Easterly along the Southerly side of Legends Circle having a radius of 225 a distance of 103.81 feet to a point;

THENCE South 00 degrees 01 minutes 55 seconds East 285.35 feet to a point;

THENCE North 60 degrees 07 minutes 30 seconds West 226.38 feet to a point;

THENCE North 26 degrees 14 minutes 28 seconds East 218.30 feet to the Southerly side of Legends Circle, the point or place of BEGINNING.

For conveyancing only,
if intended to be conveyed.

{ Together with all right, title and interest of, in and to any streets and
{ roads abutting the above described premises, to the center line thereof.